UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: ) | |
| GRAND JURY SUBPOENAS NOS. 87 AND 89 ) | |
| ISSUED OCTOBER 15, 2013, ) | No. 3:13-MC-5011 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| ) | **UNDER SEAL** |
| ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court is a letter to the Court from Marilyn Powell Cook asking that subpoenas served on her children be quashed. The Court has interpreted this letter as a Motion to Quash, and the Government has filed its response in opposition. For the reasons stated herein, the Motion to Quash is **DENIED**.

On October 15, 2013, the Clerk of Court signed Subpoenas Nos. 87 and 89 (collectively "the Subpoenas"), commanding Colyn Powell and Nneka Nkechi Arinze to appear and give testimony before the Grand Jury empanelled in the Eastern District of Tennessee at Knoxville. [Docs. 3-1, 3-2]. Mr. Powell and Ms. Arinze were commanded to appear on November 19, 2013, at 9:00 a.m., at the Howard H. Baker, Jr., United States Courthouse. [Docs. 3-1, 3-2].

Marilyn Powell Cook filed her Motion to Quash on November 13, 2013, arguing that the Subpoenas were improperly issued to Mr. Powell and Ms. Arinze, who she states are her children, for the purpose of harassing Ms. Cook and/or for reprisal against Ms. Cook. [Doc. 1].

The Government responds that Ms. Cook has no standing to challenge the Subpoenas, because she personally has not been subpoenaed to testify or produce records. [Doc. 6]. With

regard to her standing, the Government notes that the Court of Appeals for the Sixth Circuit has not recognized a parent-child privilege, and the Government maintains that Ms. Cook has not identified a property interest that would be affected by the Subpoenas. In addition, the Government argues that Ms. Cook has not shown that the Subpoenas request information that is not relevant to a legitimate objective of the investigation or that the Subpoenas result from prosecutorial abuse or harassment.

The Court finds, first, that Ms. Cook has not demonstrated that she has standing to challenge or quash the Subpoenas. The Subpoenas do not call upon Ms. Cook to testify, nor do they call upon her to produce documents. Ms. Cook has not demonstrated any legally-cognizable interest she has in quashing the subpoenas based upon the fact that she is Ms. Arinze and Mr. Cook's parent. Moreover, the Court has found no support for any such interest, because neither Mr. Cook nor Ms. Arinze are minors and the Court of Appeals for the Sixth Circuit does not recognize a parent-child privilege, see United States v. Ismail, 756 F.2d 1253 (6th Cir. 1985). Further, the Court finds that Ms. Cook has failed to demonstrate that the Subpoenas will affect a legally-cognizable property interest belonging to Ms. Cook.

In addition, the Court finds that – even if the Court were to assume that Ms. Cook has standing to challenge the Subpoenas – she has not demonstrated that the Court should quash the Subpoenas. In the Sixth Circuit, a party moving to quash a grand jury subpoena bears the burden of demonstrating that "the information sought bears no conceivable relevance to any legitimate object of investigation by the federal grand jury," or that there has been "harassment or prosecutorial misuse of the system." In re Grand Jury Subpoena (Battle), 748 F.2d 327, 330 (6th Cir. 1984) (citing and adopting In re Liberatore, 574 F.2d 78, 83 (2d Cir.1978) and In re Grand Jury Proceedings (Guerrero), 567 F.2d 281, 283 (5th Cir.1978)) (internal citations removed).

The Court finds that Ms. Cook's Motion to Quash contains mere labels and conclusory statements that the Subpoenas were issued for improper purposes. These statements border upon being incoherent and fail to demonstrate either that "the information sought bears no conceivable relevance to any legitimate object of investigation by the federal grand jury," or that there has been "harassment or prosecutorial misuse of the system." Id.

In sum, the Court finds that the Motion to Quash is not well-taken, because Ms. Cook lacks standing to object to the Subpoenas. In the alternative, the Court finds that the Motion to Quash is not well-taken, because the conclusory allegations therein do not demonstrate a legal basis for quashing the Subpoenas. Accordingly, the Motion to Quash **[Doc. 1]** is **DENIED**. The Clerk of Court **SHALL MAIL** a copy of this Memorandum and Order to: (1) Colyn Powell; (2) Nneka Nkechi Arinze; and (3) Marilyn Powell Cook, all of whom appear to receive mail at 108 W. Newcomen Street, Alcoa, Tennessee 37701. The Clerk of Court **SHALL PROVIDE** a copy of this Memorandum and Order to Assistant United States Attorney Francis M. Hamilton, III, 800 Market Street, Suite 211, Knoxville, Tennessee 37902.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge